# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

AARON BRIAN TAYLOR,

Plaintiff,

v.   CASE NO. 5:17-cv-00023-Oc-02PRL

CHARLES L. LOCKETT, FNU LOU,
FNU GILLARD, FNU SPADE, and
H. LOPEZ,

Defendants.
_____/

## **O R D E R**

This matter comes before the Court on "Plaintiff's Objection Motion to This Court Order Doc. 78" (Dkt. 79) ("Objection Motion"), "Plaintiff's Request for the Clarification of Document #80" (Dkt. 81) ("Motion for Clarification"), and his affidavit in support of the Motion for Clarification (Dkt. 82). Defendants have not responded to either document. After due consideration, and for the reasons discussed below, the Objection Motion is denied and the Request for Clarification is granted in part and denied in part.

I. **OBJECTION MOTION**

In his Objection Motion (Dkt. 79), Plaintiff objects to portions of the Court's Order dated September 20, 2018 (Dkt. 78). At the outset, the Court notes that U.S. Magistrate Judge Philip R. Lammens signed that Order. Thus, the Objection Motion is properly considered an objection to a magistrate judge's pretrial order under Federal Rule of Civil Procedure 72(a). Under Rule 72(a), the district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court has reviewed Plaintiff's objections in their entirety. Plaintiff has not demonstrated that Judge Lammens committed clear error or that any portion of the September 20 Order was contrary to law. Regardless, even if the Court applied the less deferential *de novo* standard of review, Plaintiff's objections would all be due to be overruled, as discussed below.[1]

A. In "Objection 1," Plaintiff appears to complain that the Court resolved Defendants' pending motion to dismiss (Dkt. 45) without resolving all of his

---

[1] The Objection Motion begins with an introductory paragraph in which Plaintiff notes that he agrees with the Court's decision with respect to the motion docketed as Docket Number 61. Dkt. 79 at 1-2. It does not appear that Plaintiff lodges any particular objections in this paragraph. Nonetheless, to the extent that Plaintiff is complaining about the way the Clerk of Court has described the documents filed in this case when docketing them, such objections are overruled. The Court has reviewed the docket sheet, and none of the Clerk's descriptions are inappropriate. Moreover, the Clerk's descriptions of documents have no practical effect on the case.

pending and properly-filed motions. He points specifically to the document filed as Docket Number 69, which included a document titled "Pro Se Motion Asking This Court to Order Defendants to Disclose to Plaintiff and this Court 1) When They Adhered to Their Duty Under 28 CFR § 50.15 and Since the Record Discloses Beyond All Doubt that They are Being Sued Under a Bivens Action; and 2) When the Department of Justice/Civil Division Authorized Their Request for Representation." Dkt. 69 at 10-11 ("Motion to Disclose"). Plaintiff contends that "the above motion (requesting a stay) is pending." Dkt. 79 at 2-3.

This objection is overruled for several reasons. First, the Court has not yet ruled on Defendants' pending motion to dismiss, as Plaintiff contends. Second, the Motion to Disclose was not a properly-filed motion because it was attached to a document titled "Affidavit Sworn Statement in Support of Pro Se Motion of Disclosure and Judic[i]al Inquiry" (Dkt. 69 at 1-9). Local Rule 3.01(a) (emphasis added) provides that a motion must include a "concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a *single document* not more than twenty-five (25) pages." Thus, it was inappropriate to attach a motion to another document, and the Motion to Disclose did not require a response from the Court.

Finally, there is no merit to the arguments raised in the Motion to Disclose. In that motion, Plaintiff states that it is his "solemn belief" that Defendants never adhered to the requirements of 28 C.F.R. § 50.15. Dkt. 69 at 10. Section 50.15 provides that a federal employee sued in his individual capacity must make a written request for representation by the Department of Justice ("DOJ"). Plaintiff appears to believe that Defendants never requested representation by the DOJ and that Special Assistant United States Attorney Jeff Middendorf ("AUSA Middendorf") is committing a "fraud" on the Court by representing Defendants without authorization. Dkt. 69 at 10. The basis of this belief appears to be that: (1) the United States Marshals Service ("USMS") served Defendants at FCC Coleman on September 15, 2017; (2) Defendant Captain Leu was not employed at FCC Coleman on that date; and (3) paralegal Caixa Santos accepted service on Defendants' behalf rather than calling them to her office to accept service. He also attaches a copy of 28 C.F.R. § 50.51 and a filing from another unrelated lawsuit–*Doyle v. United States*–in which the United States Attorney's Office informed the Court that it had been authorized to accept service of process by a defendant. *Id.* at 8-16.

Based on these facts, Plaintiff asks the Court to require Defendants to disclose when they complied with section 50.15 and when the DOJ authorized

their request for representation. He also states that it is "his belief" that "this matter should be brought out to the open and before any further litigation is to take place." *Id.* at 10.

It is not at all clear that the Court can require such disclosure, but–even if it could–the facts of this case do not present an occasion to do so. The circumstances under which service was made say nothing about whether Defendants requested representation by the DOJ and whether the DOJ approved that request. Moreover, there is nothing suspicious about the circumstances under which service was made. The Marshal who made service noted on the returns of service that Ms. Santos was "authorized to accept process." Dkts. 37-41. The Federal Rules of Civil Procedure allow service to be made on another person if that person has been appointed to receive service of process. Fed. R. Civ. P. 4(e)(C). Defendant Leu could have authorized Ms. Santos to receive service on his behalf even if he was not working at FCC Coleman at the time. The filing

from the *Doyle* case is not relevant to this case,[2] and there is simply no reason to look behind the Marshal's notation on the returns of service.[3]

Plaintiff's statement that it is his "belief" that this issue should be brought into the open before further litigation continues is far too vague to be a proper motion to stay. And even if it were a proper motion to stay, Plaintiff's suggestion that this litigation be halted while the Court resolves this matter is not well taken. The Court cannot and will not hit the "pause button" on this litigation–and Plaintiff's obligation to respond to the Defendants' motion to dismiss–every time Plaintiff files a motion, objection, or "inquiry" with the Court. Doing so would make management of this litigation impossible. Plaintiff's stated concern that AUSA Middendorf is not properly representing Defendants did not prevent him from responding to the arguments in the motion to dismiss. The Court has also given Plaintiff ample opportunities to file a response. Thus, his request to stay the

---

[2]In *Doyle*, the Marshals could not serve one of the defendants at the address provided. *Doyle v. United States*, No. 6:18-cv-00005-DCR, Dkt. 26 (E.D. Ky. Apr. 2, 2018). The court then ordered the United States Attorney's Office to determine whether the Bureau of Prisons possessed a valid forwarding address for that defendant or, alternatively, determine whether the defendant would permit the United States Attorney's Office to accept service of process on his behalf. *Id.* at Dkt. 29. The notice Plaintiff provided to the Court in this case was the United States Attorney's Office's response to the court's order in the *Doyle* case. *Id.* at Dkt. 41. This filing does not establish that the DOJ is required to file such a notice in all cases or, as Plaintiff seems to suggest, that the absence of such a notice suggests wrongdoing.

[3]To the extent that service was somehow deficient, any such deficiency could be for Defendants to raise, not Plaintiff. *See* Fed. R. Civ. P. 12(b)(5).

litigation pending resolution of this issue was not well-taken and was due to be denied.

For all of these reasons, Objection 1 is overruled.

B.  In "Objection 2," Plaintiff takes issue with the following statement: "Moreover, Plaintiff is reminded that the Court found that it would not consider Defendant's exhibit 2 to the Motion to Dismiss and would not convert it to a Motion for Summary Ju[dg]ment.  (Doc. 73)."  Dkt. 79 at 3 (quoting Dkt. 78 at 3). Plaintiff seems to contend that Judge Lammens contradicted this statement when he wrote elsewhere that the Court "can consider these documents upon review of the Complaint and the Motion to Dismiss without issuing the Summary Judgment Notice."  Dkt. 73 at 7 n.3.  Judge Lammens did not, however, contradict himself. When Judge Lammens said that the Court can consider "these documents" without issuing a summary judgment notice, he was not referring to Exhibit 2 to Defendants' motion to dismiss.  Instead, he was referring to the administrative remedy forms that Plaintiff attached to his complaint.  *Id.* at 3 ("While a review of the Complaint does reflect that Plaintiff attached several copies of administrative remedies and responses, Plaintiff offered the documents, grievances dated after his transfer out of FCC Coleman, to show that he overcame the procedural hurdle of exhausting his administrative remedies and can now proceed with his

complaint.").[4]  As the Court has previously stated, it will not consider Exhibit 2 to Defendants' motion to dismiss and it will not convert Defendants' motion to dismiss to a motion for summary judgment.  Accordingly, Objection 2 is overruled.

C.  In "Objection 3," Plaintiff appears to take issue with Judge Lammens's disposition of his objection to the fact that Judge Lammens referred to his "Motion Request for Evidentiary Hearing for Abuse of the Judicial Process" (Dkt. 72) as "Plaintiff's 'Motion for Hearing'" (Dkt. 73 at 8).  Plaintiff argues that describing this motion as a "Motion for Hearing" is too broad and general and does not inform the reviewer of the specific type of hearing requested.  Dkt. 79 at 4-5.  The Court disagrees.  Judge Lammens used an abbreviated title rather than the lengthy title Plaintiff gave his motion.  There is nothing inappropriate about such shorthand.  Judge Lammens cited to the location of Plaintiff's motion in the docket

---

[4]The Court may "consider a document attached to the pleadings . . . without converting a Rule 12(b)(6) motion into a motion for summary judgment if the document is central to the claim and its authenticity is not challenged." *Collier Cty. v. Holiday CVS, L.L.C.*, No. 2:17-cv-14-FtM-38CM, 2017 WL 1318459, at *2 n.2 (internal quotation and citations omitted).  Here, the administrative remedy forms Plaintiff attached to his complaint are central to his claims because he submitted them to show that he had exhausted his administrative remedies.  Plaintiff also has not challenged their authenticity.  Thus, the Court may consider these documents without converting Defendants' motion to dismiss into a motion for summary judgment.  *See McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 875-76 (11th Cir. 2016) (cited as persuasive authority) (documents attached to the complaint were central to plaintiff's claim because they were submitted to show that she exhausted administrative remedies and plaintiff did not challenge their authenticity; thus, district court did not err in considering them without converting motion to dismiss to motion for summary judgment).

(Dkt. 72), making it clear which motion he was ruling on. There is also no suggestion that the use of such shorthand affected Judge Lammens's decision. Accordingly, Objection 3 is overruled.

    D. In "Objection 4," Plaintiff objects to Judge Lammens's statement that the Court was "unaware of any claims or arguments that have not been considered." Dkt. 79 at 5 (quoting Dkt. 78 at 6). Plaintiff says that he has laid out arguments the Court has not considered in Objections 1 and 2 and refers the Court to his request that the Court order Defendants to disclose when they requested representation by the DOJ and when the DOJ approved that request, including Exhibit 2 to that request. *Id.* The Court has already addressed these issues, above. Accordingly, Objection 4 is overruled.

    E. In "Objection 5," Plaintiff objects to the Court's denial of a stay. Dkt. 79 at 6. Plaintiff claims that he requested a stay in Docket Numbers 69 (beginning at page 10), 74, and 76. As noted above, the alleged stay request in Docket Number 69 was not a proper motion for a stay. As for the other stay requests, the Court has considered the entirety of the docket in this case. It is apparent that Plaintiff has continually sought to put off responding to Defendants' motion to dismiss by raising a host of tangential and often repetitive motions, objections, arguments, and "inquiries" to the Court. Indeed, his original response to the motion was

originally due in December 2017–more than a year ago. Upon review, none of the issues raised by Plaintiff in these various filings (including Docket Numbers 74, 76, and 69) should have prevented him from responding to Defendants' motion to dismiss or otherwise litigating this case. As the Court has observed, "To the extent that Plaintiff takes issue with Defendants' characterization of his claims or defense, he could have and should have raised these arguments in a response to the motion to dismiss, which this Court has directed him to file on several occasions." Dkt. 78 at 7.[5] Plaintiff cannot permanently avoid responding to the motion to dismiss by simply filing another motion, objection, or inquiry every time the deadline to respond approaches.

Because this issue has recurred throughout the litigation, the Court will address this issue in detail one final time: On July 26, 2018, Judge Lammens denied Plaintiff's motions for discovery and his motion for an evidentiary hearing; Judge Lammens also required Plaintiff to respond to Defendants' motion to dismiss within 21 days. Dkt. 73. On August 20, 2018, Plaintiff filed what amounted to a motion for reconsideration of that Order. Dkt. 74. In that motion, Plaintiff stated that the Court should "stay the filing of any response to a motion to

---

[5]Notably, Plaintiff did not file a response even after the Court made this observation. Instead, he filed yet another motion to reconsider.

dismiss," *id.* at 11, presumably pending the Court's resolution of the issues raised in that motion to reconsider. In his "supplemental motion" filed on August 23, 2018 (Dkt. 76 at 5), Plaintiff stated that he would be "foolish" to file a response to the motion to dismiss until these issues were addressed. Although not explicitly formulated as such, these were essentially motions to extend the deadline to file a response to the motion to dismiss under Federal Rule of Civil Procedure 6(b)(1). Under Rule 6(b)(1), a court can extend a deadline "for good cause." As explained above, none of the issues raised in the motion to reconsider (Dkt. 74) or the supplemental motion (Dkt. 76) should have prevented Plaintiff from filing a response to Defendants' motion to dismiss. Thus, he did not show good cause to extend the response deadline, and Judge Lammens did not err in denying Plaintiff's requests to stay the litigation and further extend the deadline for Plaintiff to respond to the motion to dismiss. Accordingly, Objection 5 is overruled.

## II. PLAINTIFF'S REQUEST FOR CLARIFICATION OF DOCUMENT #80

In this document, Plaintiff seeks clarification of Docket Number 80, in which the Clerk noted that this matter was being reassigned to the undersigned as the presiding District Judge. He asks whether his motions at Docket Numbers 69

and 72 will be considered before the case proceeds and whether the case will be "reviewed from Documents #1-#79." Dkt. 81 at 1. He also raises several other "arguments." This motion is granted to the limited extent that the Court explains why this case was reassigned and what will happen to Plaintiff's case following the reassignment. It is denied in all other respects, as explained below.

A. As to the request for clarification of Docket Number 80, U.S. District Judge William Terrell Hodges was the district judge originally assigned to this case. This case was reassigned to the undersigned in accordance with the procedures of the Court. The Court has already ruled on Plaintiff's motion that was filed at Docket Number 72. Dkt. 73 at 8. The Court has also addressed Plaintiff's concerns about Docket Number 69, above. Any remaining motions will be considered by the Court after review of the appropriate portions of the record.

B. In "Argument One," Plaintiff notes that Docket Number 69 challenges the legitimacy of the DOJ's representation of Defendants. Plaintiff does not make any particular request in this argument. The Court has, however, addressed Plaintiff's concerns about the DOJ's representation of Defendants, as set forth in Docket Number 69, above. Thus, to the extent Plaintiff intended Argument One to be an objection, that objection is overruled.

C. In "Argument Two" and "Argument Three," Plaintiff asserts that "Attorney Middendorf & Ms. Caixa M. Santos was apart of the Federal Correctional Complex, Coleman, Administration; where existed a serial sexual harassment, sexual abuse & perversion upon the female staff . . . ." Dkt. 81 at 2-3. He appears to base this claim on an EEOC Charge which, among other things, apparently alleges that "managers have thrown away incident reports about sexual conduct by inmates . . . ." *Id.* at 3. Based on this information, Plaintiff contends that "Attorney Middendorf and Santos as witness that Plaintiff would seek affidavits and called as witnesses if Plaintiff's civil action proceed to trial." *Id.* at 3-4. He also states, "If Federal Correctional Complex was: '. . . is saturated with sexual abuse and assaults . . . and . . . sexual threat . . .' toward the female staff, what is to say I have not suffered sexual abusive behavior by the staff the[re] are conflicts of interest with Attorney Middendorf and Ms. Caixa M. Santos." *Id.* at 4.

Plaintiff does not explain what, if anything, he would like the Court to do with this information. To the extent that Plaintiff is contending that AUSA Middendorf and Ms. Santos have "conflicts of interest," that contention is wholly speculative. To the extent that Plaintiff has concerns that AUSA Middendorf will be a witness in this case, again, his concern is wholly speculative. Regardless, in certain circumstances, Florida Rule of Professional Conduct 4-3.7 prohibits an

attorney from acting as an advocate at a *trial* in which he is likely to be a necessary witness on behalf of his client.  It does not prohibit such an attorney from participating in earlier stages of the litigation.  *See, e.g.*, *Cerillo v. Highley*, 797 So. 2d 1288, 1289 (Fla. 4th DCA 2001) (citation omitted) (attorney who may be necessary witness at trial is not prohibited from being an advocate before the start of the trial).  To the extent that Arguments 2 and 3 request any relief, they are denied.

    D.  In the first of two arguments labeled "Argument Four," Plaintiff takes issue with the following statement: "Plaintiff's 'Motion for Hearing' regarding the Defendants' alleged 'bad faith' and 'abuse of judicial process' which occurred by filing the response in opposition to the motions to compel discovery (Doc. 72) is **DENIED**.  There is no merit to this motion."  Judge Lammens made this statement in his Order dated July 26, 2018.  Dkt. 73 at 8.  Plaintiff contends that he did not accuse Defendants of bad faith and abuse of judicial process.  Instead, he says, he accused AUSA Middendorf of misconduct.  Dkt. 81 at 5.  Whether the misconduct discussed in Plaintiff's "Motion for Request for Evidentiary Hearing for Abuse of the Judicial Process" (Dkt. 72) is attributed to AUSA Middendorf or Defendants is irrelevant.  The Court has reviewed that motion and agrees with Judge Lammens that the motion was without merit.

In the remainder of this argument, Plaintiff complains about unspecified "deliberately false statements to deceive[] this Court" made in Defendants' motion to dismiss, again objects that AUSA Middendorf is a witness in this action, appears to accuse Judge Lammens of denying his motion filed as Docket Number 72 without reading it, and complains that Judge Lammens did not explicitly address every point in that motion. Dkt. 81 at 5-8. Plaintiff's claim that Judge Lammens denied his motion without reading it is unfounded; regardless, the undersigned has read the motion docketed at Docket Number 72 in its entirety and agrees with Judge Lammens that the motion was without merit. As explained above, the fact that AUSA Middendorf may be a witness at trial does not prohibit him from participating in this case prior to trial and his participation in this case does not amount to an "abuse of the judicial process." The remainder of the arguments Plaintiff made in the motion filed as Docket Number 72 were equally baseless. In any event, most, if not all, of those arguments have been addressed by the Court in other orders. Accordingly, the objections stated in this Argument Four are overruled.

E. In the second of his arguments labeled "Argument Four," Plaintiff notes that Judge Lammens stated, in a footnote, "Plaintiff also claims that he was stalked by an unnamed female officer 'during this period.'" Dkt. 81 at 8 (citing Dkt. 73 at

3 n.1). Plaintiff states that this is incorrect because he actually claimed that he was put in a cell with a sexual predator who had stalked a female staff member. *Id.* at 9. He contends that the "record needs to be corrected." *Id.*

To the extent that Judge Lammens misunderstood the allegations of Plaintiff's lengthy complaint, any such misunderstanding was harmless. The footnote in question had no bearing on the rulings made in the rest of Judge Lammens's Order. Thus, Plaintiff's request to correct Judge Lammens's Order of July 26, 2018 (Dkt. 73) is denied. Nonetheless, the Court will take note of Plaintiff's explanation when it rules on Defendants' motion to dismiss and will not repeat the statement that Plaintiff claims he was stalked by a female officer.

F. In "Argument 5," Plaintiff contends that an evidentiary hearing is warranted because the Court gave him confusing instructions. Specifically, Plaintiff notes that, in Judge Lammens's Order to Answer and Notice to Plaintiff (Dkt. 32) ("Order to Answer"), the Court told Plaintiff that, if Defendants filed a motion to dismiss that is supported by affidavits or other documents, the Court would construe the motion to dismiss as a motion for summary judgment. The Court then gave Plaintiff advice about responding to a motion for summary judgment, including the direction that Plaintiff must respond with counter sworn affidavits and documents and that the failure to do so may result in the motion

being granted. Dkt. 32 at 3-4. Plaintiff then complains that all of the discovery he needs to support his response is in the possession of the Bureau of Prisons. Dkt. 81 at 11. He concludes by stating, "This Court in the spirit of justice and good faith and rule in favor of the Plaintiff request for an evidentiary hearing of the abuse of the judicial process." *Id*.

Plaintiff's allegations of an "abuse of the judicial process" are unfounded, and his request for a "judicial inquiry" and an evidentiary hearing is denied. Plaintiff has already made these arguments to the Court. In his motions for discovery, he argued that he was entitled to discovery because the Order to Answer said that the Court would treat a motion to dismiss as a motion for summary judgment if it was supported by affidavits or other documents. *See, e.g.*, Dkt. 66 at 3. In ruling on Plaintiff's motions for discovery, the Court made it absolutely clear that it was declining to consider Exhibit 2 to Defendants' motion to dismiss and its attachments and, thus, that it was not necessary to convert the motion to dismiss into a motion for summary judgment. Dkt. 73 at 5 ("In its discretion, the Court declines to consider Exhibit 2 and its attachments and, therefore, conversion of the Motion to Dismiss to one for Summary Judgment is

not necessary.").[6]  As a result, the Court denied Plaintiff's motions for discovery and gave him an additional 21 days to respond to the motion to dismiss.  *Id.* at 8.  After that time, any confusion created by the Order to Answer should have been alleviated.  Plaintiff was informed in no uncertain terms that the Court was not converting the motion to dismiss into a motion for summary judgment.  Thus, Plaintiff should have been able to file his response without any concern for obtaining discovery.  There is no need for an evidentiary hearing to address this issue.

---

[6]The Court also noted that it could review Exhibit 1 (Dkt. 45-1 at 3-6) without converting the motion to a motion for summary judgment because it was simply a printout of information including Plaintiff's name, race, birthdate, and current location in the federal prison system; the crimes of which he was convicted; the sentences and costs imposed; and his projected release date.  Dkt. 73 at 5.  In his repeated complaints to the Court about the Court's failure to convert Defendants' motion to dismiss into a motion for summary judgment, it does not appear that Plaintiff has taken issue with the Court's statement that it could consider this information.  Instead, he has focused on Exhibit 2, which the Court has stated it will not consider when deciding the motion to dismiss.  In any event, the Court was correct to determine that it could consider Exhibit 1 because all of the information in Exhibit 1 is a matter of public record.  *See Mitchell v. McManus*, 8:14-cv-1822-T-27JSS, 2017 WL 1449698, at *3 n.3 (M.D. Fla. Apr. 21, 2017) (citations and internal quotation omitted) (taking judicial notice of records from plaintiff's criminal case in deciding motion to dismiss and noting, "In ruling on a motion to dismiss, a district court may take judicial notice of certain facts, including public records, without converting a motion to dismiss into a motion for summary judgment because they are capable of accurate and ready determination."); *see also* https://www.bop.gov/inmateloc/ search results for Aaron Taylor, Reg. # 56080-066 (providing Plaintiff's birthdate, race, location, and expected release date) (last visited Feb. 14, 2019); *United States v. Taylor*, No. 2:07-cr-00288-PD, Dkt. 229 (E.D. Penn. July 1, 2011) (criminal judgment).

## III. CONCLUSION

For the reasons stated above, Plaintiff's objections to the Court's Order of September 20, 2018 are overruled, and his motion to reconsider that order (Dkt. 79) is denied.  In addition, as stated above, Plaintiff's "Request for the Clarification of Document #80" (Dkt. 81) is granted in part to the limited extent that the Court has responded to Plaintiff's question about why this case was reassigned and what will happen after the reassignment; the motion is denied in all other respects.

**DONE AND ORDERED** at Tampa, Florida, on February 21, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Plaintiff, pro se